Joshua Trigsted (13126)
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826  facsimile
jtrigsted@attorneysforconsumers.com
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JANICE RICHARDS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>BENNETT LAW, A PROFESSIONAL LIMITED LIABILITY COMPANY,<br><br>　　　　　Defendant. | **COMPLAINT**<br><br><br>Case no: 2:11-cv-00451-CW<br><br><br>**JURY TRIAL DEMANDED** |

## I. INTRODUCTION

1.　This is an action for damages brought by an individual consumer for Defendant's violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA").

## II. JURISDICTION

2.　Plaintiff's claim for violations of the FDCPA arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 USC § 1331.

## III. PARTIES

3.　Plaintiff, Janice Richards ("Plaintiff"), is a natural person residing in Minidoka County, Idaho.

1

4. Defendant, Bennett Law a Professional Limited Liability Company, ("Defendant") is a corporation engaged in the business of collecting debts by use of the mails and telephone. Defendant regularly attempts to collect debts alleged due another. Defendant's principal place of business is located in Salt Lake County, Utah.

## IV. FACTUAL ALLEGATIONS

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7. All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692a(5).

8. Within the last year, Defendant took multiple actions in an attempt to collect a debt from Plaintiff. Defendant's conduct violated the FDCPA in multiple ways, including the following.

9. Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including threatening to garnish disability payments which are exempt from execution and threatening to take action to execute on a judgment without first having obtained a judgment. As a second independent violation of the same subsection, Defendant threatened to continue calling Plaintiff in an attempt to collect the debt even though she stated unequivocally that she cannot afford the debt and would not pay it. Under the circumstances, this was a threat to violate 15 USC § 1692d(5) because it was a threat to make calls with intent to harass a person about a debt who cannot afford to pay it and who has made it clear that she has nothing to say to the collector (§ 1692e(5)).

10. Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff. Plaintiff has told Defendant that she cannot pay the debt and has nothing to discuss with Defendant, yet Defendant continues to call Plaintiff's telephone on a regular basis. Each call that came in after Plaintiff made this position clear to Defendant was made with intent to harass Plaintiff (§ 1692d(5));

11. As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

12. Defendant intended to cause, by means of the actions detailed above, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

13. Defendant's actions, detailed above, were undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to purported debtors.

14. To the extent Defendant's actions, detailed in the paragraphs above, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

15. Plaintiff reincorporates by reference all of the preceding paragraphs.

16. The preceding paragraphs state a *prima facie* case for Plaintiff and against Defendant for violations of the FDCPA, §§ 1692d and 1692e.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the

Defendant for the following:

    A.     Declaratory judgment that Defendant's conduct violated the FDCPA;

    B.     Actual damages pursuant to 15 USC 1692k;

    C.     Statutory damages pursuant to 15 U.S.C. § 1692k;

    D.     Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k; and,

    E.     For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Dated this 19th day of May, 2011

**TRIGSTED LAW GROUP, P.C.**

_____
Joshua Trigsted
*Attorney for the Plaintiff*